BRYAN, Judge.
The plaintiff, Harold W. Darby III, appeals from a summary judgment entered in favor of the defendant, Tom Schley, in an unlawful-detainer action in the Shelby Circuit Court. Because the judgment appealed from is void, we vacate the judgment and dismiss the appeal.
On August 29, 2006, Darby brought this unlawful-detainer action against Schley in the Shelby District Court, seeking to recover possession of a house and a tract of land in Shelby County (“the property”) and damages from Schley. On September 20, 2006, Schley moved the Shelby District Court to dismiss Darby’s unlawful-detainer action on the grounds (1) that Schley allegedly owned an ownership interest in the property pursuant to a lease-purchase agreement between the parties, (2) that Darby allegedly had not given Schley 10 days’ notice of the termination of his tenancy pursuant to § 35-9-6, Ala.Code 1975; and (3) that Darby allegedly had not terminated Schley’s possessory interest in the property because, Schley said, Darby had continued to accept rent payments from Schley. Schley submitted an affidavit and other evidence in support of his motion. Darby did not respond to Schley’s motion. On October 10, 2006, the district-court *1013 judge entered an order stating, in pertinent part:
“It appears to the Court that there is at issue in this matter a dispute as to ownership or interest in real estate. This matter is not limited to issues between Landlord and Tenant. Accordingly, under the mandate of Alabama Code, § 12-11-9, this case is ordered transferred to the Circuit Court of Shelby County, Alabama.”
In pertinent part, § 12-11-9, AIa.Code 1975, provides:
“If ... a case filed in the district court is within the exclusive jurisdiction of the circuit court, ... a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court .... ”
(Emphasis added.)
After his unlawful-detainer action was transferred to the Shelby Circuit Court, Darby did not amend his complaint to allege any claim other than his unlawful-detainer claim. Eventually, the Shelby Circuit Court entered a summary judgment in favor of Schley regarding the sole claim that was before it, i.e., Darby’s unlawful-detainer claim, and Darby appealed to this court.
Although neither party has questioned this court’s jurisdiction, “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). By statute, original jurisdiction over unlawful-detainer actions lies in the district courts. § 6-6-330, Ala.Code 1975 (“The forcible entry upon and detainer, or the unlawful detain-er, of lands, tenements and hereditaments is cognizable before the district court of the county in which the offense is committed.”). A circuit court may not exercise jurisdiction over an unlawful-detainer action until the district court has adjudicated the unlawful-detainer action and one of the parties has appealed to the circuit court. See § 6-6-350, Ala.Code 1975 (“Any party may appeal from a judgment entered against him or her [in an unlawful-detainer action] by a district court to the circuit court at any time within seven days after the entry thereof, and [the] appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts.”). Accordingly, Darby’s unlawful-detainer action was not an action “within the exclusive jurisdiction of the circuit court,” § 12-11-9, supra, and, therefore, the Shelby District Court did not have the authority to transfer that action to the Shelby Circuit Court pursuant to § 12-11-9.[1] Moreover, because the *1014 Shelby District Court had not adjudicated Darby’s unlawful-detainer action and no appeal from such an adjudication had been taken, the unauthorized transfer of Darby’s unlawful-detainer action could not transfer jurisdiction over that action to the Shelby Circuit Court. Furthermore, after the transfer of the action to the Shelby Circuit Court, Darby did not amend his complaint to assert another claim that was within the circuit court’s original jurisdiction.
Because the Shelby Circuit Court lacked jurisdiction over Darby’s unlawful-detainer action, the purported judgment it entered in that action is void and, therefore, will not support an appeal. See, e.g., State Dep’t of Revenue v. Arnold, 909 So.2d 192, 198 (Ala.2005). Consequently, we must vacate the judgment of the Shelby Circuit Court and dismiss Darby’s appeal from that judgment. Id.
JUDGMENT VACATED; APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Section 6-6-336, Ala.Code 1975, provides:
"The estate or merits of the title cannot be inquired into on the trial of any complaint filed under this article[, which, among other things, authorizes unlawful-detainer actions], but all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land.”
In Archer v. Sibley, 201 Ala. 495, 78 So. 849 (1918), the Alabama Supreme Court interpreted the predecessor to that statute to provide that, in an unlawful-detainer action, an inquiry into the title of the land is not permitted for the purpose of defeating the plaintiff’s claim for possession of the land, but such an inquiry is permitted for the purpose of diminishing or defeating the plaintiffs claim for the recovery of damages. Consequently, under Archer, in the case now before us Schley’s assertion of his claim to an ownership interest in the property as a defense to Darby’s claim for possession of the property had no effect on the Shelby District Court's jurisdiction over Darby's unlawful-detainer action. Although § 6-6-336 authorizes Schley to assert his claim to an ownership interest in the property as a defense to Darby’s claim for damages, Schley’s assertion of that defense did not deprive the Shelby District Court of jurisdiction *1014 because Schley's claim to an ownership interest is based on equitable principles and §12-12-30, Ala.Code 1975, grants a district court jurisdiction over equitable defenses asserted in an action within its jurisdiction, such as an unlawful-detainer action. In pertinent part, § 12-12-30 provides:
"The original civil jurisdiction of the district court of Alabama ... shall include ... civil actions based on unlawful detainer; except, that the district court shall not exercise jurisdiction over any of the following matters:
“(1) Actions seeking equitable relief other than:
"b. Equitable defenses asserted or compulsory counterclaims filed by any party in any civil action within the jurisdiction of the district court.”
(Emphasis added.)
Thus, the Shelby District Court should have retained the action now before us instead of transferring it to the Shelby Circuit Court, which could not exercise original jurisdiction over an unlawful-detainer action despite Schley’s assertion of a claim to ownership of the property as a defense.