SHAW, Justice
(concurring specially).
Donna McKinney and Marlin McKinney argued to the trial court that under Cadle Co. v. Shabani, 950 So.2d 277, 279 (Aa. 2006), the trial court had no jurisdiction to entertain Gilberto Sanchez’s ejectment action and that, under Darby v. Schley, 8 So.3d 1011, 1013 (Ala.Civ.App.2008), it had no jurisdiction to entertain the unlawful-detainer action. These two cases stand for those two propositions. The trial court had no discretion to deviate from those precedents.
In their petition for a writ of mandamus, the McKinneys again argue that these precedents deny the trial court jurisdiction. Sanchez does not argue that Cadle or Darby were wrongly decided, and he does not argue that they should be overruled. As the main opinion notes, in Blevins v. Hillwood Office Center Orniers’ Ass’n, 51 So.3d 317, 323 (Ala.2010), this Court held that when a party “ ‘choose[ ]s to stand mute in the face of a serious jurisdictional challenge’ ” we will not “ ‘construct theories and search the record for facts to support the existence of jurisdiction.’” 87 So.3d at 509 n. 7. This maxim of judicial restraint is well founded:
“ ‘[W]hen the parties have not provided sufficient legal or factual justification for this Court’s jurisdiction, this Court is not obligated to embark on its own expedition beyond the parties’ arguments in pursuit of a reason to exercise jurisdiction. The burden of establishing the existence of subject-matter jurisdiction falls on the party invoking that jurisdiction. See, e.g., Ex parte HealthSouth Corp., 974 So.2d 288 (Ala.2007) (setting forth the plaintiffs burden of demonstrating standing to bring an action, an issue of subject-matter jurisdiction); ... Ex parte Ray-El, 911 So.2d 1100, 1104 (Ala.Crim.App.2004) (placing the burden to “ ‘justify the jurisdiction of this court’ ” on the person bringing a habeas petition as a “next friend” (quoting Whitmore v. Arkansas, 495 U.S. 149, 164, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990))); cf. Bush v. Laggo Props., L.L.C., 784 So.2d 1063, 1065 (Ala.Civ. App.2000) (“Once a party challenges the trial court’s jurisdiction, pursuant to Rule 12(b)(1), [Ala. R. Civ. P.,] the burden of establishing jurisdiction is on the plaintiff.” (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir. 1980))).’ ”
Blevins, 51 So.3d at 322 (quoting Crutcher v. Williams, 12 So.3d 631, 635-36 (Ala. 2008)).
The McKinneys cite caselaw that clearly holds that the trial court had no jurisdiction. Sanchez’s response does not refute the applicability of those decisions and certainly does not argue that those decisions *512 should be overruled. We need not cast aside the doctrine of stare decisis, the rule stated in Blevins and Crutcher, or the countless other decisions that hold that this Court will not overrule precedents unless asked to do so, especially when there has been no argument for such a result. The philosophy of judicial restraint and the doctrine of stare decisis strongly counsel against this Court’s overruling those precedents in the absence of a proper challenge and thorough briefing of the issues presented.
BOLIN, J., concurs.