MURDOCK, Justice
(dissenting).
I.
Our courts too often have treated as a matter of subject-matter jurisdiction that which does not go to the fundamental authority of the courts to decide a case. I believe this Court should, today, “clear up” the “ ‘ “blur[ring]” ’ [of] the lines” between such “distinct concepts” as “standing and real party in interest” of which the main opinion acknowledges our appellate courts have been “occasionally guilty.” 87 So.3d at 509 n. 7. We should not perpetuate in yet another case the confusion as to the issue of standing and, in turn, subject-matter jurisdiction that this Court has created in recent years in cases such as Cadle Co. v. Shabani, 950 So.2d 277, 279 (Ala. 2006) (“Cadle J”), upon which the main opinion relies, and Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008) (“Cadle II”). See generally Hamm v. Norfolk Southern Ry., 52 So.3d 484, 499 (Ala.2010) (Lyons, J., concurring specially “to condemn loose usage of the term ‘standing1 ” in our cases and observing that because “[sjtanding implicates subject-matter jurisdiction,” “[i]m-precision in labeling a party’s inability to proceed as a standing problem unnecessarily expands the universe of cases lacking in subject-matter jurisdiction”); Ex parte Green, 58 So.3d 135, 153 (Ala.2010) (Murdock, J., writing specially) (“[0]ur courts have on occasion referred in jurisdictional terms to that which does not in fact go to the fundamental authority of the court to decide a case.” (citing 13A Charles Alan Wright, Arthur R. Miller & Edward H. *513 Cooper, Federal Practice & Procedure: Jurisdiction § 3531 (3d ed.2008))).
There are actually three distinct categories of issues that can arise in a case such as this and that our appellate courts too often have confused:
(1) Standing;
(2) Real party in interest;
(3) An alleged cause of action not recognized in our law or a failure of the plaintiff to satisfy one of the elements of a cognizable cause of action.
The first issue, standing, goes to whether a party has a sufficient “personal stake” in the outcome and whether there is sufficient “adverseness” that we can say there is a “case or controversy.”
“Standing goes to the existence of sufficient adversariness to satisfy both Article III case-or-controversy requirements and prudential concerns. In determining standing, the nature of the injury asserted is relevant to determine the existence of the required personal stake and concrete adverseness.”
13A Federal Practice & Procedure § 3531.6.
Although the Alabama Constitution does not have the same Article III language as is found in the Federal Constitution, this Court has held that Section 139(a) of the Alabama Constitution limits the judicial power of our courts to “cases and controversies” and to “concrete controversies between adverse parties.” As Justice Lyons has stated:
“Standing is properly limited to circumstances stemming from lack of justi-ciability. A plaintiff must be so situated that he or she will bring the requisite adverseness to the proceeding. A plaintiff must also have a direct stake in the outcome so as to prevent litigation, initiated by an interested bystander with an agenda, having an adverse impact on those whose rights are directly implicated. See Diamond v. Charles, 476 U.S. 54, 61-62, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986).
“Much of the precedent in the area of standing comes from federal courts subject to the case-or-controversy requirement of Article III of the United States Constitution. Of course, we do not have a case-or-controversy requirement in the Alabama Constitution of 1901, but our concepts of justiciability are not substantially dissimilar. See Pharmacia Corp. v. Suggs, 932 So.2d 95 (Ala.2005), where this Court, after noting the absence of a case-or-controversy requirement in our Constitution, observed:
“ ‘We have construed Art. VI, § 139, Ala. Const, of 1901 (as amended by amend, no. 328, § 6.01, vesting the judicial power in the Unified Judicial System), to vest this Court “with a limited judicial power that entails the special competence to decide discrete cases and controversies involving particular parties and specific facts.” Alabama Power Co. v. Citizens of Alabama, 740 So.2d 371, 381 (Ala.1999). See also Copeland v. Jefferson County, 284 Ala. 558, 226 So.2d 385 (1969) (courts decide only concrete controversies between adverse parties).’ ”
Hamm, 52 So.3d at 500 (Lyons, J., concurring specially). Clearly, even under the majority’s view of the elements of an ejectment action, see discussion, infra, Gilbert Sanchez has a personal stake in the outcome of this case and the requisite adverseness to make this a “case or controversy.”
A second issue that can arise is whether the plaintiff is the “real party in interest.” See Rule 17(a), Ala. R. Civ. P. A party may be sufficiently adverse and in a position to be affected by the outcome of the *514 litigation, and thus have standing, but not be the real party in interest. See, e.g., Hamm, supra. See also Ex parte Regions Fin. Corp., 67 So.3d 45, 56 (Ala.2010) (Murdock, J., dissenting and juxtaposing a real-party-in-interest issue with a standing issue).
“The confusion of standing with real-party-in-interest concepts may have unfortunate consequences. A focus on standing may lead a court to refuse application of the ameliorating rules that enable substitution of the real party in interest when the wrong plaintiff filed the action.”
13A Federal Practice & Procedure § 3531.
The author of this Court’s opinion in Cadle I was Justice Lyons. As already noted, Justice Lyons more recently concluded that there has been, and recently wrote specially in a case “to eondemn[,] loose usage of the term ‘standing’ in our cases.” Hamm, 52 So.3d at 499 (Lyons, J., concurring specially). Justice Lyons aptly observed in Hamm:
“Rule 17(a) allows an action to proceed after an objection is made based on the absence of the real party in interest if curative steps are taken. Obviously, an absence of a real party in interest does not implicate subject-matter jurisdiction or the sole remedy would be dismissal, as opposed to countenancing curative measures. If we allow instances of the want of a real party in interest to be swallowed up by an erroneously expansive definition of standing, we will effectively eliminate any field of operation for the aforementioned feature of Rule 17(a) allowing the defect to be cured.
[[Image here]]
“If we limit standing to issues of justi-ciability as defined above, thereby significantly reducing the occasion for concerns over subject-matter jurisdiction, the problem in this case is properly viewed as an issue of real party in interest for which Rule 17(a), Ala. R. Civ. P., offers a remedy. In this proceeding we have no concerns over adverseness nor do we have a meddlesome bystander at the helm as of the commencement of the action. Viewed from this perspective, no problem of absence of subject-matter jurisdiction is presented.”
52 So.3d at 500 (Lyons, J., concurring specially).
The third category of potential issues includes situations in which the plaintiff has attempted to allege a cause of action that the law of Alabama does not recognize or has failed to satisfy one of the elements of a cause of action that is cognizable under our law. As this Court recently observed: “[0]ur courts too often have fallen into the trap of treating as an issue of ‘standing1 that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy the injury element of a cause of action.” Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1219 (Ala.2010). Compare Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89, 91 n. 2 (Ala.2010) (citing Wyeth as authority for rejecting the appellant’s suggestion that a plaintiffs failure to have made a demand for possession before bringing an ejectment action presented an issue of standing).
“The question whether the law recognizes the cause of action stated by a plaintiff is frequently transformed into inappropriate standing terms. The [United States] Supreme Court has stated succinctly that the cause-of-action question is not a question of standing.”
13A Federal Practice & Procedure § 3531 (noting, however, that the United States Supreme Court, itself, has on occasion “succumbed to the temptation to mingle these questions”).
*515 In an analysis that appears to me to govern the present case, this Court observed in Wyeth:
“In the present case, Wyeth appears to argue that the plaintiff, BCBSAL, lacks standing because, Wyeth says, BCB SAL’s allegations, even if true, would not entitle it to a recovery. In responding to a similar argument, the court in Angleton v. Pierce, 574 F.Supp. 719, 726 (D.N.J.1983), articulated a correct understanding of the aforestated difference between the issue of a plaintiffs standing and the issue of the viability of a plaintiffs cause of action:
“ ‘Associates appears to argue that plaintiffs lack standing because they have no legal right to the relief they seek. Associates has confused standing with failure to state a claim. The two are conceptually distinct: when standing is at issue, the court asks whether the plaintiffs are the proper parties to bring the action, whereas failure to state a claim focuses not on the parties but on the existence of a cause of action (i.e., on the merits). Kirby v. Department of HUD, 675 F.2d 60, 63-64 (3d Cir.1982); Bowman v. Wilson, 672 F.2d 1145, 1151 n. 10 (3d Cir.1982).’
“Thus, the focus of an inquiry into standing is not on the viability of the legal theory asserted; rather, the focus is on whether the plaintiff is the ‘proper partly] to bring the action.’ If the legal theory itself is not a viable one under applicable law, that is a different question. The question whether the right asserted by BCBSAL is an enforceable one in the first place, i.e., whether BCBSAL has seized upon a legal theory our law accepts, is a cause-of-action issue, not a standing issue.”
42 So.3d at 1220 (emphasis omitted).
By the same token, the question whether the action in the nature of an action of ejectment[8] asserted by Sanchez is a viable one under our law if it is based merely on a claim to the right to possession (rather than current physical possession), i.e., whether the legal theory upon which the trial court based its judgment in favor of Sanchez is a legal theory our law accepts, is “a cause-of-action issue, not a standing issue.” Id. Regardless of the resolution of this cause-of-action issue, Sanchez has the necessary “personal stake and concrete adverseness” to bring this action. In other words, the issue before us is one that falls in the third of the three aforesaid categories; it is not a standing issue.
Sanchez purchased and received fee-simple title to the property at issue. He thereby acquired legal and equitable title to the property. He mortgaged the property, transferring legal title to Regions Bank. He alleges, however, that he retained an equitable interest in the property. In this context, Sanchez clearly is sufficiently adverse to the parties in actual physical possession of the property to give him standing to assert a right to receive rents and/or possession of the property. It seems equally clear that he is the real party in interest to assert the rights he asserts. Under the view of the elements of ejectment embraced in the main opinion, however, because Sanchez is not in current actual possession of the property, his claim for ejectment would fail for lack of one of the elements of an ejectment action. *516 Compare Ex parte Green, 58 So.3d at 153 (Murdock, J., writing specially and expressing disagreement with the conclusion in the main opinion that a failure to prove the peaceable possession required under § 6-6-560, Ala. Code 1975, deprives the circuit court of subject-matter jurisdiction, suggesting instead that “such a failure simply means that a plaintiff has failed to prove a necessary element for recovery under that statute”).[9]
This Court has the authority to address ex mero motu, and routinely has addressed ex mero motu, the issue of subject-matter jurisdiction. The main opinion declines to address the question whether this case truly falls in the category of cases in which the plaintiff lacks standing and in which, therefore, the court has no subject-matter jurisdiction. It does so on the ground that Sanchez has not asked this Court to overrule this Court’s holding in Cadle I, see 87 So.3d at 509 n. 7, in which this Court held (wrongly in my view) that the plaintiff lacked standing. As I indicated at the outset, however, I believe there are compelling reasons for this Court to alleviate in this case the confusion over standing and subject-matter jurisdiction, on the one hand, and real-party-in-interest issues and failure to satisfy cause-of-action elements, on the other hand. As Chief Justice Cobb notes in her special writing, this Court created the confusion that exists as to this issue. This Court should clear it up at its earliest opportunity.
Also, although Sanchez has not specifically requested that this Court overrule Cadle I, Sanchez does take the position in his brief to this Court that he has standing, a position that would necessarily require an overruling of Cadle I in the view of the main opinion. It is difficult for me to fault Sanchez, who, after all, was the prevailing party in the trial court, for not making a more specific argument in this regard in light of this Court’s own erroneous and indiscriminate references to standing over the years.[10]
Moreover, it is important to observe that it is the McKinneys, not this Court, who have raised the issue of subject-matter jurisdiction for our consideration. The McKinneys, as petitioners, specifically invoke this Court’s decision in Cadle II as their first stated ground for relief from the trial court’s judgment. By refusing to grant the petitioners the relief they request in this regard, we would merely be refusing to apply our own wrongly decided precedent concerning an issue of subject-matter jurisdiction. Recognizing that precedent as having been wrongly decided would be consistent not only with the fact that we deal here with an issue of subject-matter jurisdiction, but also with the principle that we generally uphold the decision of a trial court if we may do so on any valid legal ground, even one not presented to us by an appellee or, in this case, a “respondent.” Although, as a general rule, there may be some degree of difference in the compulsion we feel to address an issue of subject-matter jurisdiction when the result is a finding of the presence of jurisdiction rather than the absence of jurisdiction, see Blevins v. Hill-wood Office Center Owners’ Ass’n, 51 *517 So.3d 317 (Ala.2010), relied upon in note 7 of the main opinion, 87 So.3d at 509, the main opinion does not dispute that we have the “inherent power” and discretion to address the issue of subject-matter jurisdiction in either situation. In light of the confusion this Court has generated as to the issue of standing and subject-matter jurisdiction in cases such as the one the petitioner requests that we apply today in order to overturn a trial court’s judgment, and in light of the fact that the doctrine of stare decisis is a principle of policy designed to ensure stability in the law and not an inexorable command, I believe we have an added measure of responsibility to reject that request.
The confusion caused by this Court on the issues of standing and subject-matter jurisdiction has in large measure been caused in cases where this Court raised these issues on its own motion. Accordingly, I think it entirely fitting for this Court to act on its own motion to alleviate this confusion at its earliest opportunity, which is now this case. I would reject the invitation of the petitioners to overturn a trial court’s judgment based upon a subject-matter-jurisdiction precedent that I believe would not hold up under further scrutiny by this Court.[11]
II.
Even if the view of standing embraced in the main opinion was correct, the application of that view in the main opinion is dependent upon an expression of the elements of an action for ejectment that I believe is incorrect. I therefore conclude that the holding of the main opinion today is based upon an error within an error.
Although some cases speak of an action for ejectment requiring a showing that the plaintiff has legal title or “possession,” the reference to possession can only be understood as either loose language or language that is convenient in a given case because the plaintiff happens to have actual possession. In Cadle I itself, although this Court stated that, “[i]n order to maintain an action for ejectment, a plaintiff must allege either possession or legal title,” the Court correctly quoted § 6-6-280 as providing that an action must be commenced “ ‘in the name of the real owner of the land or in the name of the person entitled to possession thereof.’ ” 950 So.2d at 279 (emphasis added). As this Court explained in MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493, 496-97 (Ala.1985): “[I]t remains incumbent upon the plaintiff to prove a right to possession at the time of the commencement of the action.” (Emphasis added.) See also Gholson v. Watson, 495 So.2d 593, 597 (Ala.1986) (noting “that plaintiffs did not have the right of immediate possession, which is the gravamen of an ejectment action” (emphasis added)).
The main opinion itself quotes Lane v. Henderson, 232 Ala. 122, 124, 167 So. 270, 271 (1936), for the principle that “ ‘ [ejectment may be maintained on proof of title carrying, as an element of ownership, a right to possession and enjoyment. Un *518 lawful detainer is a penal action, summary in character, specifically designed to oust a hold-over tenant.’ ” 87 So.3d at 507 n. 6 (emphasis added). Under the expression of the elements of an action in the nature of ejectment embraced by the main opinion, however, the thousands of landowners in this State who have purchased property, transferred by way of a mortgage deed the legal title to the property to a bank or other lender, given current, physical possession of the property to a tenant, and retained for themselves only a nonposses-sory, equitable interest in the property would have no right to bring an action for ejectment against the tenant if the tenant refuses to surrender actual possession of the property following the expiration or termination of a lease.[12]
Sanchez purchased the property and acquired legal and equitable title to it before mortgaging the property and transferring legal title to Regions Bank. He still claims an equitable interest in the property and, accordingly, claims a right to immediate possession of the land as against someone who, as he alleges here, “unlawfully withholds and detains the same.” Accordingly, even if one were to treat the issue presented as one of standing, a proper recognition of the elements of the cause of action asserted by Sanchez would lead to the conclusion that he did have standing to assert that cause.
III.
I also am compelled to dissent from the holding of the Court today — the first ever holding by this Court to this effect — that a circuit court does not have original jurisdiction over an unlawful-detainer action. The only authority relied upon by the main opinion for the aforesaid conclusion is Darby v. Schley, 8 So.3d 1011, 1013 (Ala.Civ. App.2008). As a decision of the Court of Civil Appeals, the decision in Darby does not constitute a precedent that binds this Court for purposes of the doctrine of stare decisis.
Moreover, the question presented in Darby was different than the question presented here. In Darby, the question presented was whether the district court in that case had erred in transfemng an unlawful-detainer action to the circuit court “ ‘under the mandate of Alabama Code [1975], § 12-11-9.’ ” 8 So.3d at 1013 (quoting the district court’s order). Section 12-11-9, Ala.Code 1975, provides that a judge of the district court where a case is filed must transfer that case to the circuit court if that case is “within the exclusive jurisdiction of the circuit court.” (Emphasis added.)
The Court of Civil Appeals in Darby correctly cited § 6-6-330, Ala.Code 1975, for the proposition that an unlawful-detain-er action “ ‘is cognizable before the district court,”’[13] and § 6-6-350, Ala.Code 1975, for the proposition that a party may appeal to the appropriate circuit court from a judgment entered against him or her in an unlawful-detainer action by a district *519 court.[14] 8 So.3d at 1013. From these two statutes, the Court of Civil Appeals reached the conclusion that the transfer was improper. In so doing, however, that court did not limit its reasoning to the fact that an unlawful-detainer action is not exclusively within the original jurisdiction of the circuit court (as is obvious from § 6-6-330). The court went further and asserted that an unlawful-detainer action is not within the original jurisdiction of a circuit court at all. Without citing any authority, the court asserted that “a circuit court may not exercise jurisdiction over an unlawful-detainer action until the district court has adjudicated the unlawful-detain-er action and one of the parties has appealed to the circuit court.” 8 So.3d at 1013. I question this conclusion in two respects.
First, the conclusion of the Court of Civil Appeals in Darby does not follow from the two statutory provisions cited by that court as its only authority for that conclusion. It is true that § 6-6-330 does give the district court original jurisdiction over unlawful-detainer actions. Nothing in the language of that statute, however, gives the district court exclusive original jurisdiction over unlawful-detainer actions. The district courts and the circuit courts generally have concurrent jurisdiction (subject to restrictions relating to the amount in controversy) as to many forms of civil actions, with there being a right of appeal to the circuit court from a judgment of a district court in such actions.[15]
By constitutional provision, the circuit courts are the courts of general jurisdiction in this State with original jurisdiction over all cases (even if in some instances that jurisdiction is concurrent with some other court) except as otherwise specifically provided by law. The district courts, on the other hand, are courts of “limited juris *520 diction,” meaning that a specific constitutional or statutory grant is necessary to give such courts jurisdiction over a particular type of case. Section 139 of the Alabama Constitution of 1901 (“Judicial Power”) states, in pertinent part:
“(a) Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.”
(Emphasis added.) Moreover, § 142(b) of the Alabama Constitution of 1901 provides, in pertinent part, that “[t]he circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law.” (Emphasis added.) See also § 12-ll-30(a), Ala.Code 1975 (providing that the circuit courts of this State are the courts of general jurisdiction). In the absence of a statutory provision that relegates an unlawful-detainer action exclusively to the jurisdiction of a district court, I see no basis for the Court of Civil Appeals to have concluded in Darby, or for this Court to conclude today, that the legislature has removed such actions from the general, original jurisdiction of the circuit courts. See Brown v. Arnold, 125 W.Va. 824, 835, 26 S.E.2d 238, 243 (1943) (“Jurisdiction in the lower court to entertain the eviction proceeding in its inception is not questioned, and rightfully so. General jurisdiction of all matters at law where the controversy, exclusive of interest, exceeds $50, accorded circuit courts in this jurisdiction by Constitution of West Virginia, Article VIII, Section 12, and Code, 51-2-2, includes the right to hear and determine actions of unlawful entry and detainer.”).
Furthermore, the conclusion by the Court of Civil Appeals in Darby that a circuit court does not have concurrent, original jurisdiction over an unlawful-de-tainer action was not a question squarely presented to that court and was not even necessary to the result reached by that court. Specifically, the district court in Darby had transferred the case to the circuit court under the authority of § 12-11-9, which mandated such a transfer only when the case was “within the exclusive jurisdiction of the circuit court.” Thus, in order to decide the validity of the district court’s transfer of the unlawful-detainer action in Darby, all that was necessary for the Court of Civil Appeals to decide was whether the district court had been given original jurisdiction over unlawful-detainer actions under § 6-6-330, which it obviously had been, thus meaning that the circuit court did not have exclusive, original jurisdiction. It was not necessary for the Court of Civil Appeals to go further and address whether the original jurisdiction of the district court was exclusive. As a consequence, the Court of Civil Appeals’ holding in this respect can only be considered dictum.
IV.
On the basis of the foregoing, I respectfully dissent.

. Although referred to in the statute as "an action in the nature of an action of ejectment,” see § 6-6-280(a), Ala.Code 1975, "[t]he alternate form of action prescribed in subsection (b) [of § 6-6-280] is, in effect, an action of ejectment as at common law, only stripped of the cumbersome forms and fictions which are characteristic of that form of action.” MacMillan Bloedell, Inc. v. Ezell, 475 So.2d 493, 496 (Ala.1985).

. As I explain later, see discussion, infra, I disagree that the elements of an ejectment claim are as stated in the main opinion; therefore, I would disagree with a holding that Sanchez’s claim should fail on this basis.

. To the extent that the impediment to this Court’s correctly addressing the issue of its own jurisdiction in the present case might be viewed as a lack of adequate briefing, I believe it would be preferable to ask for supplemental briefs on this issue rather than to perpetuate what I believe to be an error of our own making concerning an issue of subject-matter jurisdiction.

. I further question whether the Court today acts consistently with its own approach to the issue of the trial court's jurisdiction. Specifically, I refer to the holding in the penultimate paragraph of the main opinion that the trial court lacks the power to order the return of certain payments made by the McKinneys to Sanchez. The payments in question were made only because they were ordered by the trial court in the first place, the same trial court that is today held not to have had jurisdiction of this case. I question the suggestion in the main opinion that the trial court (and this Court) would not have the authority to remedy the effects of a void order and require the return of payments the trial court is today held not to have had authority to order in the first place. There may be other considerations that would make such an order impractical or contrary to equitable considerations, but those are not the basis upon which the main opinion decides this issue.

. Indeed, is it not oxymoronic to posit that a claimant seeking to recover possession of land from another must allege and prove that he or she already has possession of the land? Consistent with an affirmative answer to this rhetorical question, in MacMillan Bloedell, Inc., supra, this Court further noted that "[t]he plaintiff may allege and prove that he either has the legal title to, or was possessed of, the land and that the defendant entered thereupon and unlawfully withholds and detains it.” 475 So.2d at 497 (emphasis added).

. Section 6-6-330 states in its entirety:
"The forcible entry upon and detainer, or the unlawful detainer, of lands, tenements and hereditaments is cognizable before the district court of the county in which the offense is committed.”

. Section 6-6-350 merely authorizes appeals from the district court to the circuit court. In pertinent part, § 6-6-350 states:
"Any party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof, and appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts.”
This provision is, of course, a reiteration of the general rule, see § 12-11-30(3), Ala.Code 1975 ("The circuit court shall have appellate jurisdiction of civil, criminal, and juvenile cases in district court and prosecutions for ordinance violations in municipal courts, except in cases in which direct appeal to the Courts of Civil or Criminal Appeals is provided by law or rule.”), and § 12-12-71, Ala. Code 1975 ("Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.”), except with respect to the seven-day time limit for appeals, compare § 12-12-70 (providing for a general 14-day period to appeal to a circuit court from the judgment of a district court).

. Section 12-11-30(1), Ala.Code 1975, provides that "[t]he circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs.” (Emphasis added.) Section 12-11-30(3) provides as a general rule that "[t]he circuit court shall have appellate jurisdiction of civil, criminal, and juvenile cases in district court....”
The Alabama Uniform Residential Landlord and Tenant Act, Ala.Code 1975, § 35-9A-101 et seq., confirms the concurrent jurisdiction of the district and circuit courts as to eviction actions brought under its provisions: "District courts and circuit courts, according to their respective established jurisdictions, shall have jurisdiction over eviction actions, and venue shall lie in the county in which the leased property is located.” Ala.Code 1975, § 35-9A-461(b).