PITTMAN, Judge.
Phillip Alexander and Patrice Alexander appeal from a judgment of the Montgomery Circuit Court in favor of Jeremy R. Hawk on Hawk’s claims against them for ejectment and breach of contract.
The circuit court tried the case on January 22, 2013. At that trial, Hawk testified that in 2007 he, as the seller, entered into a bond-for-title agreement with the Alexanders, as the purchasers, regarding a residence in Montgomery. The agreed-upon purchase price for the property was $131,000. He explained that his understanding of the bond-for-title agreement was that, once the Alexanders paid him the full purchase price of the property, the title to the property would be placed in the Alexanders’ names. According to the bond-for-title agreement, which was entered as an exhibit, the Alexanders paid $17,000 to Hawk upon their executing the agreement. Hawk stated that the bond-for-title agreement provided that the remainder of the purchase price would be paid in monthly installments of $917.27, until the expiration of 5 years, at which time the Alexanders were to pay the outstanding balance by obtaining a mortgage secured by the property.
The final paragraph of the bond-for-title agreement indicates that, if the Alexanders failed to pay any of the monthly installments, Hawk “shall have the right to annul” the agreement and, upon the annulment, the Alexanders would become tenants, Hawk would become entitled to immediate possession of the property, with the option to eject the Alexanders therefrom, and Hawk would “retain all monies paid under this Bond for Title by the [Alexanders] as rent of the premises, said amount being hereby agreed and declared by said parties to be the rental value of the premises.” Hawk testified that the Alexanders had defaulted on the payments many times and that the last time he had received a payment from them was in May 2012. Hawk testified that, according to the bond-for-title agreement, upon their default, the Alexanders became tenants and that the Alexanders owed him $8,660.26, which included unpaid rent and court costs.
Phillip Alexander testified that they had been late on one payment, that they had made an agreement with Hawk and had caught up on the payment, and that they had paid on time until May, when he was temporarily laid off and they had made a partial payment. He stated that Hawk had accepted that partial payment, but had then said that he could no longer accept partial payments, and had voided the contract and filed an eviction notice.
Hawk filed a complaint against the Alexanders in the Montgomery District Court on September 12, 2012.[1] On September *826 14, 2012, the district court entered an order transferring Hawk’s action to the circuit court; that order states, in pertinent part: “This matter was before the Court on an Unlawful Detainer action. However, the underlying cause of action is not based on a landlord-tenant agreement.” Hawk filed an amended complaint in the circuit court; in that amended complaint, Hawk asserted claims of ejectment and breach of contract. Following a bench trial, the circuit court entered a judgment in favor of Hawk and against the Alexanders for possession of the property and $8,660.26. The Alexanders timely filed their notice of appeal to this court.
Although neither Hawk nor the Alexanders have raised the issue of subject-matter jurisdiction, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Sleasman v. Sleasman, 907 So.2d 1075, 1076 (Ala.Civ.App.2005). In Darby v. Schley, 8 So.3d 1011, 1012 (Ala.Civ.App.2008), an unlawful-detainer action that was based on a lease-purchase agreement between the parties was transferred to the Shelby Circuit Court by the Shelby District Court, and, ultimately, a summary judgment was entered by the Shelby Circuit Court on the unlawful-detainer claim. 8 So.3d at 1012-13. This court vacated the summary judgment and dismissed the appeal for lack of subject-matter jurisdiction, stating, in pertinent part:
“By statute, original jurisdiction over unlawful-detainer actions lies in the district courts. § 6-6-330, Ala.Code 1975 (‘The forcible entry upon and detainer, or the unlawful detainer, of lands, tenements and hereditaments is cognizable before the district court of the county in which the offense is committed.’). A circuit court may not exercise jurisdiction over an unlawful-detainer action until the district court has adjudicated the unlawful-detainer action and one of the parties has appealed to the circuit court. See § 6-6-350, Ala.Code 1975 (‘Any party may appeal from a judgment entered against him or her [in an unlawful-de-tainer action] by a district court to the circuit court at any time within seven days after the entry thereof, and [the] appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts.’). Accordingly, Darby’s unlawful-detainer action was not an action ‘within the exclusive jurisdiction of the circuit court,’ § 12-11-9, [Ala.Code 1975], [2] and, therefore, the Shelby District' Court did not have the authority to transfer that action to the Shelby Circuit Court pursuant to § 12-11-9. Moreover, because the Shelby District Court had not adjudicated Darby’s unlawful-detainer action and no appeal from such an adjudication had been taken, the unauthorized transfer of Darby’s unlawful-detainer action could not transfer jurisdiction over that action to the Shelby Circuit Court.”
8 So.3d at 1013-14 (footnote omitted).
In the present case, like in Darby, the district court did not adjudicate the unlawful-detainer action brought by Hawk; instead, the district court transferred the action to the circuit court because, it determined, the action was not based on a landlord-tenant agreement. The circuit court, however, did not have original, exclusive jurisdiction of the unlawful-detainer action; *827 rather, original jurisdiction over that action was in the district court. See Ala. Code 1975, § 6-6-330. Although Hawk filed an amended complaint in the circuit court, asserting claims that fall within the original jurisdiction of the circuit court, the record reveals that Hawk did not pay a filing fee along with that amended complaint; thus, that filing did not initiate a new action invoking the subject-matter jurisdiction of the circuit court. See Kaufman v. Kaufman, 934 So.2d 1073, 1082 (Ala.Civ.App.2005) (“The payment of a filing fee is a jurisdictional act.”).
Based on the foregoing, we conclude that, like in Darby, the district court improperly transferred the action to the circuit court, and, thus, the circuit court lacked subject-matter jurisdiction over Hawk’s unlawful-detainer action. 8 So.3d at 1014. Because the circuit court’s purported judgment was entered without jurisdiction, it is void and will not support an appeal. See Darby, 8 So.3d at 1014; and State Dep’t of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005). We therefore vacate the judgment entered by the circuit court and dismiss the Alexanders’ appeal from that judgment for lack of subject-matter jurisdiction.
JUDGMENT VACATED; APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Hawk’s original complaint, filed in the district court, does not appear in the record on appeal. In fact, the district court’s order *826 transferring the action to the circuit court and the district court’s case-action-summary sheet are the only district-court documents that appear in the record.

. Section 12-11-9 requires that a case filed in the circuit court or the district court that is within the exclusive jurisdiction of the other court be transferred to the docket of the appropriate court.