THOMPSON, Presiding Judge.
In 2011, the City of Center Point (“the city”) sought to have the Alabama Legislature pass an act authorizing the city to use cameras for what it characterized as “automated civil enforcement” of certain traffic violations, including speeding and failure to stop at stop lights or stop signs. In response, the legislature enacted Act No. 2011-580, Ala. Acts 2011 (hereinafter “the Act”). Subsequently, the city’s city council enacted an ordinance incorporating the language of the Act.[1]
The Act provides, in pertinent part, that a driver who receives notice that he or she has violated the Act may contest the imposition of the civil penalty imposed for the violation by seeking a hearing before an administrative hearing officer appointed by the city’s mayor. If the city’s administrative hearing officer determines that a violation of the Act has occurred, a driver who wants to challenge that determination may do so by filing “a petition for judicial *1131 review to the District Court of Jefferson County.” § 5(1), Act No. 2011-580 (applicable to stop-light and stop-sign violations); § 13(1), Ala. Act. No. 2011-580 (applicable to excessive-speed violations). The Act then specifies that “[t]he district court shall conduct the appeal in the same manner as the court hears a small claims civil action.” § 5(I) and § 13(I), Act No. 2011-580.[2]
In January 2012, the city notified Kenneth Crowder that he had violated the Act by running a stop sign and that it was imposing a $100 penalty for that violation. Also in January 2012, the city notified Roderick Reginald Harris and Matthew Thomas Driy that they had violated the Act by exceeding the speed limit and that it was imposing $100 penalties for those violations. Crowder, Harris, and Driy (hereinafter collectively referred to as “the drivers”) each challenged the imposition of the penalty by requesting an administrative hearing. The administrative hearing officer upheld the city’s accusation against each driver, and he ordered each driver to pay the applicable penalty imposed by the Act.
The drivers then each timely filed in the Jefferson District Court (“the district court”) a petition for judicial review of the administrative decision upholding the city’s imposition of the penalty. On June 11, 2012, the district court entered an order in each of the actions, in which it found that it lacked subject-matter jurisdiction over the action and purported to transfer the action to the Jefferson Circuit Court (“the trial court”). No party appealed the district court’s orders.
On August 17, 2012, the trial court entered an identical judgment in each action. In its August 17, 2012, judgments, the trial court determined that the Act failed to afford the district court subject-matter jurisdiction to consider the drivers’ petitions for judicial review, or “appeals.” The city filed a postjudgment motion for all three actions. On November 19, 2012, the trial court entered a postjudgment order in each action. In each order, the trial court denied the city’s postjudgment motion and clarified that it had determined that the Act failed to validly confer on the district court the jurisdiction to consider the drivers’ petitions for judicial review, or “appeals.” The city appealed. The drivers have not submitted briefs to this court. We have consolidated the appeals for the purpose of issuing one opinion.
On appeal, the city argues that the trial court lacked subject-matter jurisdiction to consider these actions and to enter its judgments determining that the Act did not confer subject-matter jurisdiction over the drivers’ “appeals” to the district court.[3] *1132 The city argues that because the Act provides for appeals by persons such as the drivers in these actions to be brought in the small-claims division of the district court, the circuit court can exercise no jurisdiction over the appeals under the Act.
The jurisdictional issues presented in these appeals were not advanced originally by the parties in the courts below. Rather, comments made by the trial court during the hearings in the underlying actions indicate that district-court personnel and the district judge were uncertain whether the Act had properly conferred subject-matter jurisdiction on the district court and, therefore, whether the district court could properly proceed to consider the drivers’ appeals. The question raised by the district court, which was later considered by the trial court, was whether the district court could, as the Act dictates, treat a petition for judicial review of a decision of the city’s administrative hearing officer as a small-claims action.[4]
In asserting its argument that, under the Act, only the district court could properly exercise subject-matter jurisdiction over a petition for judicial review of a decision of the city’s hearing officer, the city relies primarily on Article VI, § 143 of the Alabama Constitution of 1901 (Off.Re-comp.), which provides:
“The district court shall be a court of limited jurisdiction and shall exercise uniform original jurisdiction in such cases, and within such geographical boundaries, as shall be prescribed by law, provided that the district court shall hold court in each county seat and at such other places as prescribed by law. The district court shall have jurisdiction of all cases arising under ordinances of municipalities in which there is no municipal court and shall hold court in each incorporated municipality of a population of 1000 or more where there is no municipal court at places prescribed by law.”
(Emphasis added.)
It is undisputed that the city does not operate its own municipal court. Therefore, under Art. VI, § 143, the district court exercises original jurisdiction of all cases involving the violation of the city’s municipal ordinances. The city contends that, in these cases, the district court has jurisdiction over the civil actions arising under the Act, arguing that § 143 affords the district court jurisdiction over “all cases arising under ordinances of municipalities.” [5] (Emphasis added.) In resolving these appeals, this court makes no determination regarding whether the district court may exercise civil jurisdiction in matters pertaining to violations of civil municipal ordinances. Rather, we assume, without deciding, that the district court could exercise civil jurisdiction over actions involving the violation of civil municipal ordinances.
Proceeding under that assumption, we note that, as indicated in note 2, supra, *1133 the provisions of the Act governing an accused driver’s right to appeal specify that the driver must file a “petition for judicial review” of the hearing officer’s decision; the Act then characterizes such a petition for judicial review as an “appeal” that is to be treated as a small-claims action in the district court. See § 5(1), and § 18(1), Act No. 2011-580. The district court concluded that it did not have subject-matter jurisdiction over a petition for judicial review, or an “appeal,” of a purported administrative decision of the city. Accordingly, on June 11, 2012, the district court entered its orders determining that it lacked subject-matter jurisdiction and purporting to transfer the driver’s appeals to the trial court.
The June 11, 2012, orders constituted dismissals of the actions in the district court for lack of subject-matter jurisdiction. However, none of the parties to the district-court actions filed an appeal of the June 11, 2012, orders to the trial court to challenge the district court’s determination that it lacked jurisdiction to consider the drivers’ appeals. See § 12-12-71, Ala. Code 1975 (“[A]ll appeals from final judgments of the district court shall be to the circuit court for trial de novo.”). Rather, the drivers and the city proceeded in the trial court, apparently under the assumption that the district court could properly transfer the three actions to the trial court.
In fact, a district court may transfer an action that it determines is not within its jurisdiction but, rather, is within the jurisdiction of the circuit court:
“If a case filed in the circuit court is within the exclusive jurisdiction of a district court or a case filed in the district court is within the exclusive jurisdiction of the circuit court, the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court, and the clerk shall make such cost and docket fee adjustments as may be required and transfer all case records.”
§ 12-11-9, Ala.Code 1975. The requirement that a district court transfer an action within the jurisdiction of the circuit court is jurisdictional. § 12-11-9. However, for a district-court order transferring an action to the circuit court to be effective, the circuit court must have exclusive subject-matter jurisdiction over the action. Alexander v. Hawk, 189 So.3d 824, 827 (Ala.Civ.App.2013) (holding that, when the district court improperly purported to transfer to the circuit court an action over which the circuit court lacked subject-matter jurisdiction, the circuit court was without jurisdiction to enter its judgment, which was void, and dismissing the appeal from that void judgment); Darby v. Schley, 8 So.3d 1011, 1014 (Ala.Civ.App. 2008) (holding that, because the circuit court did not have subject-matter jurisdiction over the unlawful-detainer action, the district court’s “unauthorized transfer” of the action “could not transfer jurisdiction over that action to the” circuit court); cf. Ex parte Smith, 438 So.2d 766, 767-68 (Ala.1983) (holding that, when the district court dismissed, rather than transferred, a case not within its jurisdiction and a party appealed that dismissal, the circuit court could consider only the propriety of the dismissal on appeal, and determining that the circuit court lacked jurisdiction on appeal to consider the merits of the action). Thus, this court must determine whether the trial court could exercise subject-matter jurisdiction over the drivers’ petitions for judicial review in order to determine whether the district court could validly transfer the drivers’ actions to the trial court.
A circuit court exercises general jurisdiction over all actions unless jurisdic *1134 tion is specifically limited to another court by other law. Art. VI, § 142, Ala. Const. 1901 (Off.Reeomp.). “[W]hether a circuit court has subject-matter jurisdiction over a case is determined by inquiring as to whether the circuit court has the requisite constitutional or statutory authority over the case.” Ex parte Collins, 84 So.3d 48, 52 (Ala.2010).
The city argues, relying solely on the language of the Act, that the trial court lacked jurisdiction over the drivers’ appeals. We agree that nothing in the Act, the statute governing these appeals, affords the trial court jurisdiction over the petitions for judicial review, or “appeals,” filed by the drivers. The Act clearly specifies that appellate review of the city’s decision is in the district court. Thus, the Act purports to limit the jurisdiction over appeals of decisions of the city to the district court, and, therefore, the trial court does not have general jurisdiction under Art. VI, § 142. Accordingly, we conclude that the trial court did not have general jurisdiction over the issues raised in the drivers’ petitions for judicial review, or appeals, of the city’s hearing officer’s decisions.
Also, the drivers’ petitions for judicial review may not be considered to be common-law petitions for the writ of certiorari that could be properly transferred to and considered by the trial court. A party having a right to appeal may not seek appellate review by way of a common-law petition for a writ of certiorari. Reed v. White, 80 So.3d 949, 952 (Ala.Civ.App.2011) (“Because § 36-26-27[, Ala.Code 1975,] provided White a statutory right to appeal th[e] decision, she could not circumvent that procedure by filing a petition for a common-law writ of certiorari.”). The language of the Act affords the drivers a method of obtaining review of the city’s decisions. Accordingly, this court declines to treat the drivers’ appeals as petitions for a common-law writ of certiorari that could be heard in the trial court. No other basis for jurisdiction in the trial court is apparent.
We hold that the district court’s purported transfers of the drivers’ petitions for judicial review were without effect because the trial court could not exercise exclusive original jurisdiction over those petitions, or appeals. Accordingly, because neither the drivers nor the city filed appeals to the trial court from the district court’s June 11, 2012, orders determining that it lacked subject-matter jurisdiction over the drivers’ petitions, the trial court never obtained jurisdiction over those actions. Alexander v. Hawk, supra; Darby v. Schley, supra. The trial court was without jurisdiction to enter its August 17, 2012, judgments in these actions. Accordingly, those judgments are void, and the appeals are due to be dismissed. See Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008) (“A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a judgment.”).
APPEALS DISMISSED.
PITTMAN and DONALDSON, JJ., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.

. The language of the city’s ordinance is virtually identical to that of the Act; although these appeals involve the propriety of both the Act and the city’s ordinance, for the sake of simplicity, we refer to and cite only the Act in this opinion.

. The pertinent portions of the Act pertaining to the right of appeal under that Act read as follows:
"(I) The decision of the hearing officer shall be the final decision by the city council. A person or persons aggrieved by a decision may file a petition for judicial review to the District Court of Jefferson County within 30 days after the date of entry of the decision. The district court shall conduct the appeal in the same manner as the court hears a small claims civil action.”
§ 5(I), Act. No. 2011-580.
"(I) The decision of the hearing officer shall be the final decision by the city council for judicial review to the Jefferson County District Court within 30 days after the date of entry of the decision. The district court shall conduct the appeal in the same manner as the court hears a small claims civil action.”
§ 13(I), Act. No. 2011-580.

. The trial court’s judgments, in addition to dismissing the drivers’ appeals, in substance also declare invalid the portions of the Act governing jurisdiction over petitions for judicial review. Accordingly, because the city has *1132 an interest in defending the validity of the portions of the Act that were effectively invalidated by the trial court’s judgments, we conclude that the city is sufficiently aggrieved by the judgments to have standing in these appeals. Alcazar Shrine Temple v. Montgomery Cnty. Sheriff's Dep’t, 868 So.2d 1093, 1094 (Ala.2003) ("Only a party prejudiced or aggrieved by a judgment can appeal.”).

. The trial court questioned whether the city had the authority to act as an administrative agency by providing for administrative review of its own decisions. That issue has not been presented to this court, and we make no conclusions regarding that issue.

. Article VI, § 145, Ala. Const. 1901 (Off.Recomp.), and § 12-14-1, Ala.Code 1975, set forth the jurisdiction of municipal courts.