MOORE, Judge.
The Rimpsey Agency, Inc. (“RAI”), appeals from a judgment entered by the Calhoun Circuit Court (“the circuit court”) in favor of W.F. Johnston IV and William M. Lawrence.' Because the judgment appealed from is void, we dismiss the appeal.
On August 6, 2015, Johnston and Lawrence filed in the Calhoun District Court (“the district court”) a complaint against RAI, asserting, among other things, that RAI -had refused to vacate certain real property (“the property”) despite, among *1243 other things, their demands that RAI vacate the property; Johnston and Lawrence demanded possession of the property, among other things. On August 12, 2015, Reverend Freddy V. Rimpsey (“Rimp-sey”), who is RAI’s registered agent,[1] purported to file on behalf of RAI a motion to continue in which he requested that the matter be continued for 60 days based on his assertions that he had spent over $100,000 on improvements and renovations to, and on maintenance of, the property; that he was “seeking an opportunity to resolve [the] matter through negotiations”; and that, “[flailing negotiations, [he would] file a claim for unjust enrichment in Calhoun County Circuit Court which exceeds the jurisdiction[al] limits of [the district] court.” That same day, Rimpsey also filed, on behalf of RAI, a purported answer to the complaint. On August 21, 2015, the district court entered an order that states:
“The defendant [Rimpsey, on behalf of RAI], via phone, notified the Court that the counterclaim[2] filed with the motion to continue exceeds the jurisdictional limits of this court which the court failed to take notice of.
“Case is transferred to the Calhoun County Circuit Court.”
Subsequently, on October 7, 2015, Johnston and Lawrence filed in the circuit court an “answer” to “the defendant’s counterclaim that the defendant apparently asserted in its Motion to Continue filed in [the district court], which resulted in the District Court transferring this matter to [the circuit court]”; in that “answer,” Johnston and Lawrence, among other things, denied that they had been unjustly enriched. On December 21, 2015, Johnston and Lawrence filed a motion for a summary judgment against RAI on their eviction/unlawful-detainer claim against RAI and on RAI’s purported counterclaim alleging unjust enrichment. A hearing on the summary-judgment motion was held on February 4, 2016, At that hearing, the circuit court noted that Rimpsey was present to represent RAI pro se and informed Rimpsey that he was “not entitled to represent a company pro se.” Rimpsey informed the court that he had not been aware of that fact. The circuit court proceeded with the summary-judgment hearing after Lawrence, who is an attorney and was representing himself and Johnston, indicated that he would be willing to go forward with the hearing but that he did not want to waive any objection to RAI’s being unrepresented by legal counsel. After the circuit court reviewed the arguments presented by Lawrence and Johnston, it then turned its attention to Rimpsey, who first stated: “I would like to request that this case be continued till I can obtain a lawyer—it’s more complicated than I thought it would be—and give me time to hire an attorney to represent [RAI].” Before allowing the circuit court to rule on his motion for a continuance, Rimpsey proceeded to assert his position with regard to the merits of the case. Johnston and Lawrence objected to the motion for a continuance, and the circuit court denied the motion.
On February 8, 2016, the circuit court entered a judgment granting Johnston and Lawrence’s summary-judgment motion, ordering RAI to vacate and surrender pos *1244 session of the property within 10 days of the entry of the judgment, and concluding that RAI had no right to compensation, reimbursement, or restitution for any improvements it had made to, or for any maintenance of, the property. On February 17, 2016, a notice of appearance of counsel was filed on behalf of RAI. That same day, counsel for RAI also filed a postjudgment motion; that motion was denied by the circuit court on February 26, 2016. RAI timely filed its notice of appeal to this court on February 29, 2016. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction;[3] that court, in turn, transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
RAI raises two issues on appeal: (1) that the circuit court erred in denying the oral motion to continue made by Rimp-sey at the summary-judgment hearing, which he sought in order to have additional time to retain legal counsel for RAI, and (2) that the circuit court erred in entering a summary judgment in favor of Johnston and Lawrence on RAI’s unjust-enrichment claim. Although no party has raised the issue of subject-matter jurisdiction,
“[i]t is well settled that ‘subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’ C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003); see, e.g., Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001) (‘We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us.’). A judgment entered by a court that lacks subject-matter jurisdiction is void. See C.J.L., 868 So.2d at 454; see also J.B. v. A.B., 888 So.2d 528 (Ala.Civ.App.2004).”
S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala. Civ.App.2005).
This action was commenced by the filing of an eviction/unlawful-detainer claim by Johnston and Lawrence in the district court. The district court determined that it was without jurisdiction based on “the counterclaim filed [by RAI] with the motion to continue.” We note, however, that the motion to continue, which was filed by Rimpsey on behalf of RAI, did not state a counterclaim. Rather, that motion merely indicated that, if intended negotiations failed, RAI would then file a claim alleging unjust enrichment in the circuit court. There are no filings in the record on appeal indicating that RAI filed such a claim at any time. Moreover, even if the assertion in the motion to continue filed in the district court indicating that a counterclaim would be filed in the circuit court if negotiations failed could be construed as a counterclaim, we note that that motion was signed by Rimpsey, who is not a licensed attorney, on behalf of RAI, a corporation.
“[T]he courts of this State have held that a person must be a licensed attorney to represent a separate legal entity, such as a corporation. In Stage Door Development, Inc. v. Broadcast Music, Inc., 698 So.2d 787, 787 (Ala.Civ.App.1997), the Court of Civil Appeals held that ‘[o]ne who is not an attorney may not appear as an advocate on behalf of a corporation, even one he wholly owns, without engaging in the unauthorized practice of law.’ Further, in A-OK Constr. Co. v. Castle Constr. Co., 594 So.2d 53, 54 (Ala.1992), this Court stated *1245 that generally ‘a corporation can appear in court only through an attorney.’ Accord Ex parte Lamberth, 242 Ala. 165, 5 So.2d 622 (1942).”
Ex parte Ghafary, 738 So.2d 778, 779 (Ala.1998). In accordance with Ghafary, the filings made in both the district court and the circuit court by Rimpsey were nullities. Id. at 781. See also Progress Indus., Inc. v. Wilson, 52 So.3d 500, 507-08 (Ala.2010) (“[A] pleading filed by a non-attorney engaging in the unauthorized practice of law in purporting to represent a separate legal entity is a nullity.”). Because the motion to continue filed in the district court by Rimpsey on behalf of RAI was a nullity, RAI never properly asserted a counterclaim against Johnston and Lawrence in the district court, and, accordingly, only Johnston and Lawrence’s eviction/unlawful-detainer claim was before the district court at the time the district court transferred the case to the circuit court.
In Darby v. Schley, 8 So.3d 1011, 1012 (Ala.Civ.App.2008), the plaintiff initiated an unlawful-detainer action in the Shelby District Court. Based on assertions made in a motion to dismiss by the defendant, the Shelby District Court transferred the action to the Shelby Circuit Court. Id. at 1013. The Shelby Circuit Court entered a summary judgment in favor of the defendant on the unlawful-detainer claim, and the plaintiff appealed. Id. In vacating the Shelby Circuit Court’s judgment and dismissing the appeal, this court stated, in pertinent part:
“By statute, original jurisdiction over unlawful-detainer actions lies in the district courts. § 6-6-330, AUuCode 1975 (‘The forcible entry upon and detainer, or the unlawful detainer, of lands, tenements and hereditaments is cognizable before the district court of the county in which the offense is committed.’). A circuit court may not exercise jurisdiction over an unlawful-detainer action until the district court has adjudicated the unlawful-detainer action and one of the parties has appealed to the circuit court. See § 6-6-350, Ala.Code 1975 (‘Any party may appeal from a judgment entered against him or her [in an unlawful-detainer action] by a district court to the circuit court at any time within seven days after the entry thereof, and [the] appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts.’). Accordingly, [the plaintiffs] unlawful-detainer action was not an action ‘within the exclusive jurisdiction of the circuit court,’ § 12-11-9, [Ala.Code 1975], and, therefore, the Shelby District Court did not have the authority to transfer that action to the Shelby Circuit Court pursuant to § 12-11-9. Moreover, because the Shelby District Court had not adjudicated [the plaintiffs] unlawful-detainer action and no appeal from such an adjudication had been taken, the unauthorized transfer of [the plaintiffs] unlawful-detainer action could not transfer jurisdiction over that action to the Shelby Circuit Court. Furthermore, after the transfer of the action to the Shelby Circuit Court, [the plaintiff] did not amend his complaint to assert another claim that was within the circuit court’s original jurisdiction.
“Because the Shelby Circuit Court lacked jurisdiction over [the plaintiffs] unlawful-detainer action, the purported judgment it entered in that action is void and, therefore, will not support an appeal. See, e.g., State Dep’t of Revenue v. Arnold, 909 So.2d 192, 193 (Ala.2005).”
8 So.3d at 1013-14 (footnote omitted).
As discussed above, at no time did RAI properly assert a counterclaim against Johnston and Lawrence. Thus, like in
*1246 Darby, the only action before the district court in the present case was Johnston and Lawrence’s unlawful-detainer action. Because that action was not within the exclusive jurisdiction of the circuit court and because there had been no adjudication of the unlawful-detainer action and no appeal from such an adjudication had been taken to the circuit court, the district court’s unauthorized transfer of the action to the circuit court did not transfer jurisdiction over that action to the circuit court. Like in Darby, because the circuit court lacked jurisdiction over Johnston and Lawrence’s unlawful-detainer action, the circuit court’s judgment purporting to grant the summary-judgment motion in favor of Johnston and Lawrence in that action is void and will not support an appeal. Darby, 8 So.3d at 1014. We therefore dismiss the appeal, albeit with instructions to the circuit court to vacate its void judgment and to transfer the case back to the district court.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., C.F.

. Although there is no indication of Rimpsey's role with regard to RAI in the record on appeal, this court may take judicial notice of matters of public record, including records of the Secretary of State, which indicate that Rimpsey is the registered agent of RAI. See Rule 201(b), Ala. R. Evid., and Johnson v. Hall, 10 So.3d 1031, 1034-35 (Ala.Civ.App.2008).

2. As discussed infra, no counterclaim was actually filed by RAI.

. We note that, for the reasons discussed, infra, that transfer was in error and that this court did, in fact, have subject-matter jurisdiction over the appeal. See § 12-3-10, Ala. Code 1975.